JAY I. MOSKOW *vs.* THOMAS F. BURKE.

Suffolk.   March 4, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Construction, Performance and breach, Modification, To sell real estate.  *Evidence,* Competency, Opinion.  *Witness,* Cross-examination.

At the trial of an action at law for the breach of a contract to convey real estate, it appeared that the contract required the conveyance of the real estate on March 12 free from encumbrances except a first mortgage held by a bank in the sum of $67,500, and that the conveyance should be subject to that mortgage "extended by the bank for three years from the date of the expiration of the present mortgage"; and provided that for such title the plaintiff was to pay the defendant $13,500, and that, should "the title to the premises be defective in any way," a deposit made by the plaintiff was to be returned and the agreement was to be at an end.   There was evidence warranting findings that when the contract was made the defendant's only title was as second mortgagee in possession; that he had ample time to foreclose his mort-

gage before March 12; that the plaintiff was ready and willing to perform on March 12; that the defendant then said that he did not yet have title and that he had not yet procured the extension of the first mortgage, and offered to return the plaintiff's deposit; that the parties orally agreed to an extension for performance; that thereafter the defendant procured title through a foreclosure sale and, in answer to a demand by the plaintiff, then again refused to convey, stating that he had not procured the extension of the first mortgage and offering to pay back the deposit; that the plaintiff refused to receive back his deposit and stated to the defendant that he wanted the property, "extension or no extension"; that the defendant continued to refuse to convey and shortly thereafter mortgaged the premises for $25,000 subject to the first mortgage. A verdict was ordered for the defendant. The plaintiff alleged exceptions. *Held,* that

(1) While, the action being at law, the time of performance was of the essence of the contract, the oral agreement of the parties extending the time of performance was valid;

(2) The evidence warranted a finding that the defendant did not act in good faith and did not intend to carry out the agreement;

(3) Upon his waiver of the provision as to the extension of the first mortgage, the plaintiff was entitled to a conveyance, since that provision was made for his benefit and he could waive it so long as such waiver did not prejudice the rights of the defendant;

(4) No question of pleading having been raised at the trial, the defendant was not entitled to object that, the declaration being on the original contract, the plaintiff could not recover on the contract as modified by the extension of time and by his waiver of the provision as to the extension of the first mortgage;

(5) It was within the discretion of the trial judge to permit the plaintiff to be asked in cross-examination if the defendant had offered and had tendered to him a return of his deposit;

(6) It was improper to permit the plaintiff to be asked in cross-examination if he knew that, if the written agreement was not changed in some way, he could not recover "because the title wasn't good on March 12," the question being incompetent as calling for an opinion respecting a question of law.

CONTRACT for breach of an agreement to convey real estate. Writ dated August 24, 1921.

In the Superior Court, the action was tried before *J. F. Brown,* J. Material evidence and rulings by the trial judge are described in the opinion. A verdict was ordered for the defendant and the plaintiff alleged exceptions which, after the death of *J. F. Brown,* J., were allowed by *Mc-Laughlin,* J.

*A. Moskow,* for the plaintiff.

*W. H. Sullivan,* for the defendant.

CROSBY, J.  This is an action to recover damages for the alleged breach of a written contract, in which the defendant agreed to convey to the plaintiff certain real estate.  The defendant's answer as amended pleads a general denial, and alleges that on March 12, 1921, the day on which the premises were to be conveyed, his title to the premises was defective, and that he had no title thereto then or at any time during the existence of the agreement.  The statute of frauds has not been pleaded.

The agreement is dated February 12, 1921; the only pertinent parts thereof being paragraphs two, three and seven, as follows:

"2.  Said premises are to be conveyed on or before March 12, 1921, 4 P.M. by a good and sufficient warranty deed of the party of the first part conveying a good and clear title to the same and free from all incumbrances and municipal liens both of record and in fact, excepting the following, viz:

"(a)  A first mortgage held by a bank in the sum of sixty-seven thousand five hundred ($67,500) dollars bearing interest at the rate of five and one-half per cent per annum, and maturing in August 1921.  Said Burke hereby agrees to convey these premises subject to this mortgage of $67,500 extended by the bank for three years from the date of the expiration of the present mortgage, i.e., extended for three years from August 1921, and at a rate of interest not exceeding six per cent per annum, for such extended term.

"3.  For such deed and conveyance subject as aforesaid, the party of the second part shall pay the sum of thirteen thousand five hundred ($13,500) dollars, of which three hundred ($300) have been paid to Burke this day, the balance of thirteen thousand two hundred ($13,200) dollars shall be paid upon the delivery of said deed.  . . ."

"7.  Should the title to the premises be defective in any way, then said deposit of three hundred ($300) dollars is to be returned by Burke to Moskow and thereupon this agreement shall be at an end, and each of the parties shall be under no further or other obligation to the other in law or equity."

At the time of the making of the agreement the defendant

was a second mortgagee in possession of the premises. Under the agreement he bound himself (1) to obtain title to the property so that he could convey it to the plaintiff on or before March 12, 1921; and (2) that he would procure an extension of the first mortgage for three years from August 1, 1921, at a rate of interest not exceeding six per cent per annum for such extended term. The plaintiff testified in substance that on March 12, he told the defendant that he was ready to take the title, that the defendant replied that he had not secured the extension of the first mortgage and had not foreclosed his mortgage; that he said he was going to foreclose the mortgage on the following Monday; that if he did not get the extension he would return the $300 paid; that the plaintiff told him that he did not want the $300 but wanted the property; that the defendant replied "Come and see me after I foreclose" and also said "I haven't foreclosed yet; you need not go to the registry because I am not going to pass papers today." The defendant as mortgagee advertised the property for sale on February 19, 21 [26?], and March 5, the sale to be held on March 14. On the last named date he bid in the property for $10,000. The plaintiff further testified in substance that on March 15, he asked the defendant if he was ready to complete the sale and that the defendant replied, "I have foreclosed, but I haven't got an extension yet and I can't get an extension, and so I will give you back the $300"; that the plaintiff said he did not want the $300 but wanted the property "extension or no extension"; that the defendant then said, "Well, come back in a couple of days." The jury could have found that the plaintiff was ready and able on March 12, 1921, to carry out the agreement in accordance with its terms, and that he was also ready and able to carry out the agreement as modified up to the day the defendant finally refused to convey the property to him.

As this was an action at law the time of performance was of the essence of the contract. *Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad,* 243 Mass. 457. Yet the jury could have found upon the testimony of the plaintiff that it was mutually orally agreed by the parties that the time named in the contract for such performance had

been modified by an extension of the time for performance. The parties could at any time before breach orally modify the time and manner of performance fixed by the contract which would not be within the statute of frauds. *Stearns v. Hall,* 9 Cush. 31. *Cummings v. Arnold,* 3 Met. 486. *Hastings v. Lovejoy,* 140 Mass. 261, 264. *Conroy v. Toomay,* 234 Mass. 384, 386. *Weinstein v. Miller,* 249 Mass. 516, 521.

It appears that the defendant had ample time to begin proceedings and complete the foreclosure of his second mortgage after the contract was entered into, and before March 12, when by its terms the agreement for sale to the plaintiff was to have been completed. G. L. c. 244, § 14. No unforeseen circumstances are shown which prevented the defendant from completing the foreclosure sale before March 12. The jury could have found not only that the time for performance had been extended by mutual agreement of the parties, but that the defendant acting in bad faith intentionally fixed the date for the forescloure sale on March 14, two days beyond the date stipulated in the contract for its performance, thereby placing himself in a position where on March 12 he was unable to perform because he had no title. It also could have been found that, on March 15, after the defendant had acquired title, the plaintiff requested a deed of the property without insisting upon the extension of the first mortgage and that the defendant refused to convey the property to the plaintiff as substituted performance of the contract but shortly thereafter mortgaged the premises for $25,000 subject to the first mortgage.

A similar agreement to the one in the case at bar was construed by this court in *Buckley v. Meer,* 251 Mass. 23, 24; the agreement there provided that if the owner "shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease." It was held that specific performance would not be decreed if without fault or collusion on the part of the owner the real estate was attached by a third person. No

question of the good faith of the owner in that case was in issue between the parties.

The agreement in the case at bar properly construed means that if without fault of the defendant, subsequent to the execution of the contract, the title to the property became defective, then the deposit should be returned and all rights and obligations of the parties should be at an end. The evidence warranted a finding that the defendant did not act in good faith and did not intend to carry out the agreement. The plaintiff's testimony warranted a finding that he waived the provision in the contract for the extension of the first mortgage for three years as provided in the written agreement, and so notified the defendant and requested a deed of the property without such extension, which the defendant refused to execute and deliver. If the jury believed this testimony it could be found that the plaintiff was entitled to a conveyance, as the provision for the extension of the mortgage was made for his benefit and he could waive it so long as such waiver did not prejudice the rights of the defendant. *Cartwright* v. *Gardner,* 5 Cush. 273. *Meagher* v. *Hoyle,* 173 Mass. 577, 579. *Earnshaw* v. *Whittemore,* 194 Mass. 187, 192.

The defendant contends that, if an enforceable oral agreement to extend the time of performance was made, the plaintiff can recover, if at all, only on the original contract, as the oral agreement has not been pleaded. This objection cannot be sustained; there is nothing in the record to show that this question was raised before the trial judge, or that the case was tried with the rights of the parties restricted by the declaration. No question of pleading is now open. There was evidence tending to show that the property was worth an amount largely in excess of the price for which the defendant agreed to sell it to the plaintiff.

The exceptions to the admission of evidence may be disposed of briefly. The plaintiff was asked in cross-examination if the defendant offered or tendered to him the $300 which had been deposited. The question was admitted subject to the plaintiff's exception. The question in cross-examination was admissible in the discretion of the trial

judge. The plaintiff was also asked in cross-examination if he knew that, if the written agreement was not changed in some way, he could not recover "because the title wasn't good on March 12, 1921." The plaintiff excepted to the allowance of this question. It was incompetent as it called for the opinion of the witness respecting a question of law. We find no other error in the admission or exclusion of evidence to which the plaintiff excepted.

The case should have been submitted to the jury to determine the issues presented. As a verdict could not properly have been directed for the defendant, the entry must be,

*Exceptions sustained.*