HARRY DRAPEN *vs.* CELIA FOLEY.

Suffolk.    November 16, 1926. — January 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract*, Performance and breach, To convey real estate.

By a contract in writing, the owner of two parcels of real estate agreed to convey them on a certain date "by a good and sufficient warranty deeds of the party of the first part, conveying a good and clear title to the same free from all incumbrances excepting" a certain mortgage, and that "If the . . . [owner] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party here-

unto shall cease, but the acceptance of a deed and possession by the . . . [purchaser] shall be deemed to be a full performance and discharge hereof." At the time for conveyance, the owner did not have a clear title to one of the parcels. The purchaser brought an action of contract or tort against the owner for damages due to the defendant's not conveying as agreed, at the trial of which it appeared that the owner had made no fraudulent misrepresentations and was not guilty of bad faith, and that he had not offered to return a deposit made by the purchaser. A judge who heard the action without a jury found for the defendant. *Held*, that

(1) In the circumstances and under the provisions of the contract, the owner had committed no breach of the contract by not going to the expense of perfecting the title in himself;

(2) The plaintiff's right of action depended upon proof that the defendant was able to give a good and clear title, or that his inability to do so was the result of his own fault or collusion;

(3) The fact that the defendant had not offered to return the deposit did not prevent him from defending on the ground that he was not liable in an action for damages resulting from the breach of contract to convey;

(4) The finding by the judge precluded the plaintiff from maintaining the action in tort.

CONTRACT OR TORT with a declaration in two counts, described in the opinion. Writ dated July 25, 1924.

In the Superior Court, the action was heard by *Lawton*, J., without a jury. Material evidence and the substance of rulings requested by the plaintiff are described in the opinion. The judge found for the defendant. The plaintiff alleged exceptions.

*B. Levin*, (*A. Wirin* with him,) for the plaintiff.

*Arthur P. French*, for the defendant.

SANDERSON, J. This is an action of contract or tort to recover damages, in the first count for breach of an agreement to sell real estate, referred to as lots 20 and 24 Goodale Road, Dorchester, and in the second count for false representations. The agreement contained the provision that the "premises are to be conveyed on or before June 24, 1924 by a good and sufficient warranty deeds of the party of the first part, conveying a good and clear title to the same free from all incumbrances excepting a first mortgage on house #20 Goodale Road for $5,500 . . . and a first mortgage on house #24 Goodale Road for $5,500 . . . ." The agreement as reformed by order of court provided that the date of

performance should be on or before July 24, 1924. The writ was dated July 25, 1924.

The defendant owned the property at No. 20 Goodale Road. The title, if any, which she had to No. 24 Goodale Road came to her as sole devisee of her sister, Kate Goldwaser, who died April 24, 1924, and whose will was probated June 18, 1924; Kate's title to No. 24 Goodale Road was derived from her husband, Max Goldwaser, who owned it when he died intestate November 14, 1923, leaving as his only estate the equity in the property at No. 24 Goodale Road valued at $7,000 and owing debts amounting to $6,150, so that the value of his whole estate amounted to less than $5,000. G. L. c. 190, § 1 (1). He was survived by his widow and a brother and sister, who were his only heirs at law and next of kin. On November 28, 1923, Kate Goldwaser was appointed administratrix of her husband's estate, and after her death William I. Hennessey was appointed administrator *de bonis non* of that estate. On October 28, 1925, as such administrator, he was licensed to sell the real estate of Max Goldwaser to pay debts.

It is apparent from the foregoing recital of facts that the defendant could not convey a good and clear title to the property described in the agreement. But this fact does not give the plaintiff a right to recover damages for breach of contract, because of the clause in the agreement which provides that "If the party of the first part shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof." Both parcels of real estate were to be conveyed for one consideration. Without her fault the defendant was unable to give a good and clear title to one of them. Under the circumstances here presented, she was not required to go to the expense of perfecting the title in herself, even if it be assumed that she could have acquired a good title. *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271. The plaintiff's right of action depended upon proof

that the defendant was able to give a good and clear title, or that her inability to do so was the result of her own fault or collusion. *Buckley* v. *Meer*, 251 Mass. 23. The case at bar is distinguishable in its facts from *Moskow* v. *Burke*, 255 Mass. 563. The rights of the parties depended upon the terms of the contract; the fact that the defendant has not offered to return the deposit does not prevent her from defending on the ground that she is not liable in an action for damages.

The plaintiff cannot recover under the count for fraudulent representations, because the trial judge found as a fact that the defendant made no fraudulent misrepresentations and that there was no bad faith on her part. The rulings not given were properly refused as immaterial because of the findings of fact.

*Exceptions overruled.*