## Lena Margolis *vs.* Eva Tarutz & another.

Suffolk.    November 14, 1928. — January 4, 1929.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Equity Jurisdiction,* Specific performance.  *Contract,* Construction, Performance and breach, For sale of real estate.  *Husband and Wife.* *Equity Pleading and Practice,* Findings by judge.

A contract for the sale of real estate provided that the seller should procure a new mortgage on or before a certain date, and then should convey a good and clear title to the premises free of all encumbrances except that mortgage; and that, if the seller should be unable to make such a conveyance, all payments should be refunded and all obligations of both parties should cease.  The seller was a married woman.  She failed to procure the mortgage within the time stipulated, and the purchaser procured a mortgage and offered to perform the agreement, but the seller failed to make a conveyance.  A judge hearing a suit in equity by the purchaser against the seller for specific performance, found that the defendant's failure to convey subject to a new mortgage and "'to give title or to make conveyance' as stipulated . . . was not without fault on her part, and that she intentionally neglected and failed to carry out her part of said agreement."  There was no specific finding that a failure by the defendant to procure a release of her husband's interest in the property was due to her fault.  A final decree was entered ordering the defendant to convey the land to the plaintiff subject to the husband's right of curtesy, the plaintiff being allowed a deduction from the purchase price to compensate therefor, and subject to a mortgage already outstanding on the property.  *Held,* that
  (1) Under the provisions of the agreement, the defendant was obliged to place a new mortgage and convey subject to it unless, after making reasonable effort to comply with the agreement within the time specified, she was unable to do so;
  (2) The defendant impliedly agreed to secure a release of her husband's interest in the property;
  (3) The finding by the judge meant that the failure by the defendant to perform in every particular was due to her fault and was intentional;
  (4) The provisions of the agreement relating to the termination of all obligations did not, in the circumstances, relieve the defendant of her obligation to perform;
  (5) The decree was affirmed.

Bill in equity, filed in the Superior Court on February 5, 1927, and afterwards amended, seeking specific performance.

The suit was heard by *Weed*, J. The agreement sought to be performed, material findings by the judge, and a decree granting the plaintiff relief by way of specific performance, are described in the opinion. The decree also provided that the conveyance to be made by the defendant should be subject to the right of curtesy of the defendant's husband. The judge reported the suit for determination by this court.

*A. Hurwitz*, (*A. T. Handverger* with him,) for the defendant Eva Tarutz.

*F. S. Wyner*, for the plaintiff.

SANDERSON, J. This is a bill for specific performance of a contract in writing for the sale of real estate. The parts of the contract material to the determination of this case are: (1) "And the party of the first part [Eva Tarutz] agrees to convey the premises subject to a new standing first mortgage in the amount of $4500 for 3 years from the date of passing title at the rate of 6% per annum. In the event that the party of the first part shall not be able to convey the premises subject to such a first mortgage of $4500 on the date agreed upon for passing title the within agreement shall be extended for a period of 30 days by mutual consent, and if such mortgage cannot be placed by Tarutz at the expiration of that 30 days any deposit given under this agreement shall be refunded to the party of the second part"; (2) "Said premises are to be conveyed on or before Jan. 2, 1926, [*sic*] by a good and sufficient quitclaim deed of the party of the first part, conveying a good and clear title to the same free from all encumbrances except a first mortgage of $4500 for 3 years at 6% per annum without payments on principal which the party of the first part agrees to place upon the premises"; and (3) "If the party of the first part shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof." The suit was begun against Eva Tarutz and her husband. The plaintiff signed both copies of the agreement and delivered to the attorney as a deposit a check

for $500 payable to Mrs. Tarutz. Her husband signed one copy and left it with the attorney, taking the other away to get his wife's signature. When he returned he gave the attorney the copy signed by the plaintiff and Mrs. Tarutz, and received from the attorney the copy signed by the plaintiff and himself, and he also received the check payable to his wife's order. When the plaintiff offered in evidence the copy of the agreement signed by the husband the judge excluded it and ruled that the bill could not be maintained against him.. No contention is made that the judge erred in making this ruling. Eva Tarutz will be referred to as the defendant.

The judge found that the defendant's husband represented her with authority in the transactions. When the agreement was signed the property was subject to a first mortgage held by the Volunteer Coöperative Bank. The defendant's husband made some efforts to replace this with a new mortgage upon the terms stated in the agreement, but without success. On January 3, 1927, the plaintiff and her husband were at the registry of deeds prepared to purchase in accordance with the agreement. The defendant did not appear. During the next thirty days neither the defendant nor her husband made any effort to obtain a new $4,500 first mortgage but the plaintiff found a party ready, able and willing to take a mortgage upon the terms stated in the agreement and on January 26, 1927, so notified the defendant in writing. On February 1, 1927, the plaintiff was again at the registry to consummate the purchase in accordance with the terms of the agreement, but the defendant did not appear. The judge ruled that the specific provision which requires the placing of a first mortgage on the property and making conveyance subject to this imposed a definite obligation upon the defendant to comply with this part of the agreement unless prior to January 2, 1927, or within thirty days thereafter, after making reasonable efforts to comply with that provision, she was unable to do so. The plaintiff in open court offered to accept a deed from the defendant, with an allowance by way of compensation for the husband's interest in the property.

The judge further found that the defendant's inability to convey the premises subject to a new first mortgage for $4,500 for three years from the date of passing title at the rate of six per cent per annum, and "'to give title or to make conveyance' as stipulated in said agreement was not without fault on her part, and that she intentionally neglected and failed to carry out her part of said agreement." He ruled that upon amendment of the bill the plaintiff would be entitled in the alternative either to have the agreement specifically enforced as against the defendant, subject to the outstanding first mortgage for $4,500 held by the Volunteer Coöperative Bank, with an assignment of the shares pledged by her to secure the same upon payment to her of the present value thereof and with a deduction from the balance of the purchase price equivalent to the husband's interest therein, or to have her damages for said breach assessed. The plaintiff elected to have the agreement specifically enforced upon the terms stated by the judge, and a decree was entered accordingly. A master was appointed who found the husband's inchoate right of curtesy to be $424.88, and that the defendant's interest in the coöperative bank shares is $708.40 as of December 2, 1927. It is not contended that the part of the decree relating to the mortgage on the property is wrong if the plaintiff is entitled to specific performance, but the contention is made that there is no finding that the failure to obtain the husband's release of his rights in the property was due to the fault of the defendant and for that reason all obligations under the contract were terminated and the bill should be dismissed.

To convey a good title free from encumbrances the owner's husband must join in the deed. The agreement is the same in its legal effect as if the defendant had in express terms agreed that her husband's interest in the property would be released. See *Park* v. *Johnson,* 4 Allen, 259; *Woodbury* v. *Luddy,* 14 Allen, 1; *Davis* v. *Parker,* 14 Allen, 94. *Tobin* v. *Larkin,* 183 Mass. 389; *Melamed* v. *Donabedian,* 238 Mass. 133; *Brookings* v. *Cooper,* 256 Mass. 121. Under the form of agreement in this suit if, without fault on the part of the seller, subsequent to the execution of the contract he has a

defective title then, upon refunding the payment made, all obligations of each party are at an end. *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271. *Buckley* v. *Meer,* 251 Mass. 23. *Moskow* v. *Burke,* 255 Mass. 563. *Drapen* v. *Foley,* 258 Mass. 167. But, if, because of the fault of the party agreeing to sell, a sale cannot be made in accordance with the agreement, the buyer may at his election accept the title which the seller has with a deduction in the purchase price to compensate for the deficiency, and in case of such fault the agreement for a refund of the deposit and a termination thereby of all obligations under the contract does not relieve the seller of his obligation to perform. *Moskow* v. *Burke, supra.*

The decree entered can be justified only if the failure to obtain the release of her husband's interest in the property was due to the defendant's fault. The language of the finding seems to refer to and cover every defect in performance. After referring specifically to the defendant's inability to convey subject to the first mortgage, the judge stated that the defendant's "inability 'to give title or to make conveyance' as stipulated in said agreement was not without fault on her part, and that she intentionally neglected and failed to carry out her part of said agreement." We interpret this to mean that her failure to perform in every particular was due to her fault and was intentional. Because of this finding the decree must be affirmed with costs.

*Ordered accordingly.*