WILLIE HOLLTORF, *Appellant* v. RAY HOWARD WALKER, *Appellee.*

En Banc.

Opinion filed April 9, 1929.

Petition for rehearing denied April 24, 1929.

*Gibson & Cutts* for Appellant;

*O. P. Hilburn* and *S. S. Sandford,* for Appellee.

BUFORD, J.—This was a suit by the proposed vendee against the proposed vendor for the specific performance of a written contract to sell real estate. The contract relied upon was as follows:

I, William Holltorf, widower, do hereby acknowledge the receipt from Howard Walker, of the sum of $50.00 as earnest money to apply upon the purchase of the following property situated in Hillsborough County, Florida, and described as follows:

The N. W. ¼ of the N. W. ¼ of Section 36, Township 29 South Range 19 East,

which I hereby agree to sell and convey to the said Howard Walker upon the following terms, to-wit:

The purchase price is to be $3,300.00, payable $750.00 cash toward which said $50.00 is to apply, the balance to be secured by a mortgage payable in equal installments, one, two and three years after date, with interest on deferred payments at 8 per cent per annum, payable semi-annually, I agree to convey said property by good and sufficient warranty deed, and to furnish an abstract showing a good, salable and merchantable title within seven days after the date hereof, and the said Howard Walker is to have 15 days after the date of the furnishing of said abstract in which to have said abstract examined by his attorney. If said abstract shows good title as aforesaid, and the said Howard Walker refuses to accept said property upon said terms, the said $50.00 is to be forfeited to me, but if said title be found not to be salable and merchantable, or if I fail to make delivery of said property as agreed, I hereby agree to return said $50.00.

IN WITNESS WHEREOF, I have set my hand and seal this 15th day of January, A. D. 1925.

WM. HOLLTORF (Seal)

ALBERT OVERSTREET (*Witness*)
H. P. BARTON (*Witness*)

An answer was filed in which was incorporated a de-

murrer. The demurrer was overruled on final hearing and decree was entered in favor of the complainant.

The demurrer should have been sustained. The contract itself fixes the liability to be applied in the event that either party breaches the contract. See contract, *supra*.

Aside from the fact that the contract itself provided for the liability to be applied to either party in case of breach of the contract, the contract is unilateral and under it specific performance could not have been enforced against the proposed vendee and, therefore, the contract lacks that mutuality which is essential in cases to support decrees of specific performance. The decree should be reversed and it is so ordered.

Reversed.

TERRELL, C. J., AND WHITFIELD, J., concur; BROWN, J., concurs specially.

ELLIS AND STRUM, J. J., dissent.

BROWN, J. (Concurring specially) : I think this case falls within the operation of the rule that where a contract stipulates for one of two things in the alternative, one of which involves the mere payment or retention of a certain sum of money, equity will not interfere to decree a specific performance of the first alternative, but will leave the aggrieved party to his legal remedy of recovering the money specified in the second alternative. The reason for the rule is that, as the parties have specifically agreed upon the damages for a breach of the contract, equity will leave them to their legal remedies, which by their own contract they have made adequate. See Pomeroy's Specific Performance (3rd Ed.) Sec. 50, and cases cited.

STRUM, J. (dissenting) : In my opinion, a provision for liquidated damages in a contract to convey land, or for

the return of the earnest money in case the vendor is unable or unwilling to convey, does not bar relief by specific performance unless it clearly and unmistakably appears from the contract that payment of the amount fixed is to be an alternative of and equivalent to a conveyance of the land. The contract here involved does not seem to me to clearly manifest such an intention on the part of the parties thereto. The agreement of the vendor defendant herein to return the earnest money in the event he, the vendor, was unable, or refused to keep his bargain is no more than an express statement of what the law would imply under those circumstances. Nor is the additional provision that the earnest money, which was a part of the purchase price, should be forfeited to the vendor in the event the vendee refused to accept a conveyance upon the terms of the contract any more than would be implied by the law under those circumstances. The latter provision would not preclude specific performance at the instance of the vendor in the event the vendee refused to perform. The contract is therefore in that aspect mutual as to remedy. Those provisions of the contract which form the basis of the majority opinion do not indicate to me such a clear intention of the parties to give the vendor the choice between refunding the earnest money or conveying· the property according to his promise as to preclude relief by specific performance. Rittenhouse v. Swiecicki, 118 Atl. R. 261; Goldy v. Jaeger, 124 Atl. R. 765; Knisely v. Robinson, 206 Pac. R. 877; Cincinnati, etc. v. Masonic, etc., 272 Fed. R. 637; Pomeroy's Specif. Perf. (3rd Ed.) Sec. 50.

In Safron v. McBurney, 112 Atl. R. 677, it was expressly stipulated in the contract that "in event of the title not being such as contracted for, the contract shall be void, and any payment herein returned to the party of the

second part (the vendee) in lieu of any claim for damages.'' The court construed that provision of the contract to mean that if the vendors could not convey what they had contracted to sell, they should be called upon for nothing save the return of the earnest money. The provisions of that contract, however, are essentially different in effect from those of the contract here involved.

It is immaterial that this contract was originally unilateral. The vendee here has accepted and offers to perform. The contract thereupon became bilateral and mutually enforcible. Ewins v. Gordon, 49 N. H. 444.

It seems to me that what is said in the majority opinion is in conflict with what was previously said by this court in Vance v. Roberts, 188 So. R. 205.

In my opinion, the decree appealed from should be affirmed, and I therefore dissent from the order of reversal.

ELLIS, J., concurs.