Matthias, J.
 

 The record discloses substantial evidence sustaining the execution of the contract, as claimed by the plaintiff, and that issue as well as the issue presented by the defense of fraud and misrepresentation inducing the contract should have been submitted to the jury, unless the contract is illegal and unenforceable, and that is the only question of law presented by this record.
 

 It is apparent that serious disagreement wMch had arisen between the parties led to a mutual desire
 
 *57
 
 for a separation of their interests, which was to he consummated by complete severance by Wilson of his relations with the company and a surrender of all of his rights and interests therein; and pursuant to that desire and to accomplish such a purpose a contract was entered into by them. According to its terms Wilson was to resign as secretary and as a member of the board of directors and was to surrender'fifty shares of the common stock held by him. The consideration therefor was the personal guaranties which Suesskind made, the first being that the preferred stock owned by Wilson in the sum of $2,500 should be purchased by the company, or by an individual, on or before October 15,1928, payment to be made in cash, and in lieu of the balance $2,500 purchase price a first mortgage bond was to be given Wilson, indorsed by Suesskind, making an unconditional guaranty of payment within three years from October 15, 1928. Ooncededly there is some ambiguity as to these terms, but that does not affect the legal question how under consideration. Suesskind further guaranteed the purchase by the company, or by an individual, of Wilson’s installment stock for $537, payment to be made in cash on or before October 15, 1928. This obligation is clear and unambiguous. The payment of interest upon the $5,000 original investment of Wilson for the period stated was a further undertaking and personal guaranty of Suesskind, which the evidence tended to support.
 

 There can be no controversy upon the proposition that a contract made by a director of a corporation with reference to his official action, based upon a consideration personal to himself, is against public policy and void, and a contract which restricts a
 
 *58
 
 director in the discharge of his official duties is unenforceable. That was announced by this court in
 
 Thomas
 
 v.
 
 Matthews,
 
 94 Ohio St., 32, 113 N. E., 669, L. R. A., 1917A, 1068, and no authority other than that and the cases there referred to supporting that principle need be cited.
 

 The only obligation here sought to be enforced, however, is the personal obligation, specifically assumed by Suesskind, and that he cannot avoid or evade upon the ground that there was an alternative promise which in itself would be illegal and unenforceable. The obligation of Suesskind did not rest upon a requirement that the company issue bonds, and no such action is here sought to be enforced. The principle applicable is well stated in 13 Corpus Juris, page 512, Section 470, as follows: “Where an agreement founded on a legal consideration contains several promises, or a promise to do several things, and a part only of the things to be done are illegal, the promises which can be separated, or the promise, so far as it can be separated, from the illegality, may be valid. The rule is that a lawful promise made for a lawful consideration is not invalid merely because an unlawful promise was made at the same time and for the same consideration, and this rule applies, although the invalidity is due to violation of a statutory provision, unless the statute expressly or by necessary implication declares the entire contract void. ’ ’
 

 The following Ohio cases support this principle:
 
 State, to Use of Commrs. of Guernsey County,
 
 v.
 
 Findley,
 
 10 Ohio, 51;
 
 Morris
 
 v.
 
 Way,
 
 16 Ohio, 469;
 
 Widoe
 
 v.
 
 Webb,
 
 20 Ohio St., 431, 5 Am. Rep., 664;
 
 State, ex rel. Werden,
 
 v.
 
 Williams, Clerk,
 
 29 Ohio
 
 *59
 
 St., 161;
 
 State, ex rel. Laskey,
 
 v.
 
 Board of Education of Perrysburg Tp.,
 
 35 Ohio St., 519.
 

 We are of the opinion that the contract, which the evidence adduced tended to establish, is, in the respects indicated, a valid, enforceable contract, and that the issues should have been submitted to the jury under appropriate instructions.
 

 The judgment of the Court of Appeals reversing the judgment of the court of common pleas and remanding the case to that court is therefore affirmed.
 

 Judgment affirmed.
 

 Marrttat.t,, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.
 

 Jones, J., not participating.