HECTOR LUCIER *vs.* ARCHIE WILLIAMS, administrator, & another.

Hampden. September 23, 1948. — December 7, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Probate Court,* Jurisdiction. *Equity Jurisdiction,* Specific performance. *Contract,* For sale of real estate. *Executor and Administrator,* Real estate of decedent.

A Probate Court had no jurisdiction under G. L. (Ter. Ed.) c. 204, § 1, or otherwise, as against the estate of a deceased landowner, to order specific performance of a written contract for sale of the land made by his widow individually as devisee of the land under his will and as executrix of the will.

There was jurisdiction in a Probate Court under G. L. (Ter. Ed.) c. 204, § 1, to entertain a petition against the estate of a decedent for specific performance of a written contract to sell real estate which the decedent had made but had not performed before his death.

The prospective purchaser under a contract for sale of real estate was not entitled to specific performance thereof, but only to return of a deposit made by him, where the contract called for conveyance of a good and clear title free from all encumbrances except certain stated encumbrances not including mortgages and provided that, "if the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease," and it was found on unreported evidence that the real estate was subject to a mortgage given by a predecessor of the seller to secure a debt which had not been paid, that the mortgage was an encumbrance which rendered the seller unable to give title or to make conveyance as stipulated in the contract, and that the seller had not waived his right to rely on the quoted provision of the contract.

PETITION, filed in the Probate Court for the county of Hampden on June 19, 1947.

The case was heard by *Denison,* J., who entered a decree "that said petition is dismissed, and that the sum . . . paid as earnest money be refunded." The petitioner appealed.

*L. A. Stone,* for the petitioner.

*E. S. Searle,* for the respondents, submitted a brief.

RONAN, J. This is an appeal from a final decree entered in the Probate Court for Hampden County dismissing a

petition brought against Archie Williams, as administrator with the will annexed of the estate of Eugene W. Loomis, and Eugena F. Pierce, as administratrix with the will annexed of the estate of Harriette M. Loomis, seeking specific performance of a written contract dated August 1, 1945, between the petitioner and Harriette M. Loomis, individually and as executrix under the will of her husband, the said Eugene W. Loomis, by which she agreed to convey to the petitioner for $3,000 a good and clear title, "free from all encumbrances, except restrictions of record, zoning, taxes for 1945," to certain premises in Springfield in said county which were owned by her husband at the time of his death. Loomis died testate on September 14, 1943, a resident of Florida, leaving all his property to his widow, Harriette M. Loomis, who was named as executrix and was authorized to sell the devised property if she desired to do so. His will was approved and allowed in Florida. The written contract between the petitioner and Mrs. Loomis, individually and as executrix, provided that "If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease." Mrs. Loomis died in Florida on March 12, 1946, and three days afterwards a license to sell the real estate issued in accordance with a petition previously filed by her as foreign executrix under G. L. (Ter. Ed.) c. 202, § 32.

The petition was properly dismissed against the estate of Eugene W. Loomis, for one reason at least because the Probate Court had no jurisdiction to compel a conveyance by his estate. Probate Courts are not courts of general equity jurisdiction and they possess only such equity jurisdiction as has been expressly conferred upon them by statute, and a grant of jurisdiction within the scope of general equity jurisprudence is confined to the matters and things enumerated in the statutes extending jurisdiction to these courts. *Bailey* v. *Dillon*, 186 Mass. 244, 247. *Lord* v. *Cummings*, 303 Mass. 457, 459. *Lyon* v. *Sharpe*, 317 Mass. 283, 284, 285.

Specific performance of a contract to convey land is a subject within general equity jurisdiction. Jurisdiction as broad as that possessed by the Supreme Judicial Court and the Superior Court has not been given to Probate Courts, and jurisdiction to order specific performance is limited, in so far as now material, to cases where "a person who has entered into a written agreement for the conveyance of real estate or holds real estate which by operation of law is subject to be conveyed to others, dies . . . without having made such conveyance. . . ." G. L. (Ter. Ed.) c. 204, § 1. Eugene W. Loomis never held any land which was subject to be conveyed to others, *Roper* v. *Murphy*, 317 Mass. 176, and he never entered into any written contract to convey the land to the petitioner. The Probate Court consequently lacked jurisdiction as against his estate to order a conveyance of the land and properly dismissed the petition as against the respondent Williams. *Derby* v. *Derby*, 248 Mass. 310, 313, 314. *Black* v. *Abercrombie*, 267 Mass. 316. *Frost* v. *Kendall*, 320 Mass. 623, 624, 625.

Harriette M. Loomis died testate in Florida, and her will was admitted to probate there and was proved and allowed in the Probate Court for Hampden County where the real estate in question was located. She devised this real estate to her two nieces, one of whom is the respondent Eugena F. Pierce. These devisees took subject to any equitable duty of Mrs. Loomis specifically to perform her contract with the petitioner. *Hopkinson* v. *First National Bank*, 293 Mass. 570, 573.

The Probate Court has jurisdiction under G. L. (Ter. Ed.) c. 204, § 1, to decide the petition in so far as it involved the estate of Mrs. Loomis, for the written contract to sell was her own personal obligation and she died before she made the conveyance.

Whatever interest Mrs. Loomis had in the real estate mentioned in the written contract she acquired from her husband, whose estate, as shown by the docket entries which were transmitted to this court, *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22, is still in the course of administration in the Probate Court for Hampden County.

We pass over the point that the record does not show what her estate will ultimately receive from his estate. The judge found that this real estate was subject to a mortgage of $500 which had been given by Eugene W. Loomis on August 2, 1940; that the debt secured by this mortgage had not been paid; that this mortgage was an encumbrance which rendered Mrs. Loomis and her personal representative, the respondent Pierce, unable to give title or make conveyance as stipulated in the written contract; and that neither of them waived the right to rely upon the provision of the contract terminating the obligation of the parties thereto if the seller was unable to make the conveyance in accordance with the contract.

The evidence has not been reported, but the judge made findings of the material facts. These findings of fact, whether ultimate or subsidiary, must be accepted as true unless the ultimate findings are inconsistent with the subsidiary findings; and so we are confronted, first, with the question whether there are such inconsistencies and, if not, whether all these findings, together with their permissible inferences, require as matter of law a decree different from that entered in the Probate Court. *Quigley* v. *Quigley*, 310 Mass. 415, 416. *Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133, 135. *Vergnani* v. *Vergnani*, 321 Mass. 703, 704.

A provision relative to the termination of the contract upon the inability of the seller to convey the kind of title stipulated, identical with the provision contained in the present contract, has been interpreted by this court to mean "that if it turns out that without fault on the part of the defendants [sellers] subsequent to the execution of the contract they have a defective title, then, after refunding payments made, all obligations of both parties shall cease. . . . The defendants did not by their contract agree to extinguish or purchase the interests of others in the land, but only to convey by their own deed provided they were able to pass good title thereby . . . the tenor of the contract does not require the extinguishment of outstanding defects." *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, 273, 274. This interpretation has been frequently followed,

*Buckley* v. *Meer*, 251 Mass. 23, *Drapen* v. *Foley*, 258 Mass. 167, *New York, New Haven & Hartford Railroad* v. *Butter*, 276 Mass. 236, *Flier* v. *Rubin*, 321 Mass. 464; and the seller unable to convey as agreed is protected by such a provision or a similar one except where he has impaired the title subsequent to the contract or has waived its provisions. *Moskow* v. *Burke*, 255 Mass. 563. *Margolis* v. *Tarutz*, 265 Mass. 540. *J. J. Newberry Co.* v. *Shannon*, 268 Mass. 116.

The petitioner, relying mainly on *Dennett* v. *Norwood Housing Association, Inc.* 241 Mass. 516, contends that, the mortgage being only for $500, could be discharged out of the purchase price of $3,000. It was said in the case just cited, at page 521, that "If the incumbrance could be removed by a money payment, the defendant became bound to make it." But it should be noted, as pointed out in *Parkhurst* v. *Maynard*, 285 Mass. 59, 63, and in *Flier* v. *Rubin*, 321 Mass. 464, 466, that the provision relative to the obligation of the seller to convey differed materially from the provision contained in the contract in *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271. The same is true of the provision in the present contract which, as we have said, is identical with the one in the case last cited.

If we assume, in favor of the petitioner, that this contention is open to him notwithstanding the provision of the contract, he is met with further difficulty if recourse is had to the record. We are asked to reverse the general finding of the judge that the respondent Pierce was unable because of the mortgage to make a conveyance of the real estate where that finding does not appear to be inconsistent with any of his other findings. The petitioner could have had the evidence reported and the mortgage made a part of the record and so opened up for review the question whether the conclusion reached by the judge was plainly wrong. As the record now stands, we do not even know whether the mortgage was due. These findings cannot be reversed where the petitioner has not furnished us with any means of testing their correctness. *Yoffa* v. *National Shawmut Bank*, 288 Mass. 422, 426. *Goldston* v. *Randolph*,

293 Mass. 253, 255. *National Radiator Corp.* v. *Parad,* 297 Mass. 314, 320. *Gorey* v. *Guarente,* 303 Mass. 569, 570, 571. *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401, 403. *Gordon* v. *Guernsey,* 316 Mass. 106, 108. As to the necessity of having all the material facts included in the record where a review is sought in actions at law, see *Furbush* v. *Connolly,* 318 Mass. 511, 512, 513; *Staples* v. *Collins,* 321 Mass. 449, 452.

The decree, dismissing the petition and ordering the respondent Pierce to pay to the petitioner the deposit he made, is within the scope of the pleadings and is supported by the findings, and must be affirmed.

*So ordered.*