55 So.2d 563 (1951)
ROMINES et ux.
v.
NOBLES.
Supreme Court of Florida, Special Division B.
December 4, 1951.
John Paul Howard, Jacksonville, for appellants.
Will O. Murrell and Will O. Murrell, Jr., Jacksonville, for appellee.
ROBERTS, Justice.
The appellants, who were plaintiffs below, have appealed from a final decree dismissing their bill of complaint which sought the specific performance of a contract for the purchase and sale of certain property theretofore entered into between appellants, as purchasers, and the appellee, as the seller.
At the time of entering into the contract, the appellants paid $500 down and agreed to pay other sums at the time of closing. It was further agreed that "this transaction shall be closed and the purchaser shall pay the balance of the down payment and execute all papers necessary to be executed by them for the completion of the purchase within three days from delivery or tender to them of a title binder of the said property; otherwise the sum this day paid shall be retained by the seller as liquidated and agreed damages, and the seller shall be relieved from all obligations under this instrument."
It further appears from the allegations of appellants' bill that, some two days after the execution of the contract, "defendant and defendant's agents told the plaintiffs that defendant did not intend on complying with said contract, that in fact defendant had secured a better `deal' for said property and had accepted a binder from another person and did not intend on complying with the above mentioned contract. Plaintiffs have repeatedly attempted to persuade the defendant to fulfill her obligation but without success."
The sole question here presented is whether the provision in the contract for the forfeiture of the down payment, above quoted, operates as a bar to the appellants' suit for specific performance of the contract. *564 The appellee contends that such provision gives the appellants the alternative of forfeiting the down payment as a substitute for performance of the contract, and that the contract thus lacks that mutuality which is essential in cases wherein the remedy of specific performance is sought. This contention has been concluded against the appellee by the decisions of this court in Vance v. Roberts, 96 Fla. 379, 118 So. 205, and Sperling v. Davie, Fla., 41 So.2d 318.
In Vance v. Roberts, supra [96 Fla. 379, 118 So. 207], under circumstances almost exactly similar to those in the case at bar, it was stated that "We do not think that there is any lack of mutuality of obligation, even if the legal effect of the terms of the agreement is as counsel for the appellees argues that it is, merely because of the fact that the purchaser may have satisfied all obligations of the contract upon his part by forfeiture of the amount paid upon the purchase price. His very obligation to forfeit this sum is a sufficient consideration to support the promise made by the appellee owner and his wife to convey. Clearly this is sufficient mutuality of obligation."
And in Sperling v. Davie, supra [Fla., 41 So.2d 320], in discussing a similar contention made under analogous circumstances, this court said: "This seems to us to come perilously close to arguing that the sellers, after entering into a solemn agreement, could glibly dishonor it and restrict the buyer to regaining what was in practical effect already his, inasmuch as the transaction was not consummated and the sellers were therefore not entitled to the money. * * * even if the contract had not been consummated because of the condition of the title and the buyer's sole redress had been the recovery of the amount paid, his restriction to this remedy would not obtain where the breach was solely the result of bad faith on the part of the sellers."
We have examined the case of Holltorf v. Walker, 97 Fla. 508, 121 So. 553, relied on by the appellee, and do not find that it necessarily conflicts with the decisions of this court in the Vance case and the Sperling case, above referred to. Insofar as it may appear to be in conflict with such decisions, however, the opinion in Holltorf v. Walker is hereby modified.
For the reasons stated, the final decree is reversed and the cause remanded for further proceedings.
Reversed and remanded.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.