PAUL FISHER *vs.* NATHAN SNEIERSON & another.

Suffolk.   February 2, 1953. — March 2, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* For sale of real estate, Performance and breach.

A clause in a contract for sale and purchase of real estate terminating all rights under the contract if the seller "is prevented from performing by defect not caused by him" was a defence to the seller against liability for damages for failure to convey at the time for passing papers where it appeared that at the time of making the contract the property in question was not owned by the seller but by a corporation of which he and his wife were two of three stockholders and directors and that he was unable to convey because the directors voted not to sell the property, and it did not appear that he had not acted in good faith.

BILL IN EQUITY, filed in the Superior Court on October 4, 1950.

The suit was heard by *Beaudreau,* J.

*Simon B. Stein,* for the defendant Sneierson.
*Joseph Levco,* for the plaintiff.

WILLIAMS, J. This is a suit in equity to obtain specific performance of an agreement to convey to the plaintiff a parcel of real estate in Brookline. The agreement was in writing and was executed by the plaintiff and the defendant Sneierson on July 21, 1950. It provided for the conveyance of the land by quitclaim deed on or before September 1, 1950, later the time being extended to October 2, 1950. Contained in the agreement was a clause, "If seller is prevented from performing by defect not caused by him he shall return any deposit, and all rights under this contract shall end."

It was alleged in the bill that title to the property was in the defendant Marilyn Corporation which held it as a "straw" for the benefit of the defendant Sneierson, and that although the plaintiff was ready, able, and willing to take title on October 2, 1950, he was notified by the attorney for Sneierson that Sneierson did not intend "to comply with the terms of the said agreement and would not be present for the passing of papers." The defendant Sneierson answered that he was prevented from conveying the property by reason of the refusal of the board of directors of the defendant corporation to make the conveyance. The evidence is not reported, but there is a report of material facts. It was found that the real estate in question was purchased by the corporation in 1949 and that it "is the record and actual owner of the same." It did not own the property "in its capacity as a straw." "This corporation is composed of Nathan Sneierson [admittedly the owner of 50 shares], his wife, who is the owner of 49 shares, and David Goldberg, who owns one share . . . and they comprise the board of directors. No action was ever taken by the corporation authorizing the sale of this property. When the above agreement was executed the defendant [Sneierson] and his wife were spending the summer at Nantasket and he went down there only on week ends, and when he told his wife what he had done she objected to it. Thereafter . . . [Sneierson], his wife and Goldberg met at the office of

the business corporation and voted not to sell this real estate, and no deposit was made thereon." The judge in conclusion found "that the defendant failed to comply with the terms of this agreement, and that the plaintiff is entitled to damages to the extent of $2,000 from the defendant Nathan Sneierson." The defendant Sneierson appealed from a final decree whereby he was ordered to pay $2,000 to the plaintiff and the bill as against the corporation was dismissed.

The aforesaid clause in the contract by reason of which the defendant Sneierson contends he is relieved from his obligation to convey is similar in language to clauses which, in a series of decisions by this court, have been interpreted to mean that when a seller without fault on his part is unable to convey good title, the binding force of the contract on each party is at an end. *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271. *Buckley* v. *Meer,* 251 Mass. 23. *Moskow* v. *Burke,* 255 Mass. 563. *Drapen* v. *Foley,* 258 Mass. 167. *Margolis* v. *Tarutz,* 265 Mass. 540. *J. J. Newberry Co.* v. *Shannon,* 268 Mass. 116. *New York, New Haven & Hartford Railroad* v. *Butter,* 276 Mass. 236. *Flier* v. *Rubin,* 321 Mass. 464. *Lucier* v. *Williams,* 323 Mass. 458. *Prescott* v. *Germain,* 326 Mass. 432. If the seller has been at fault, has been guilty of bad faith, or has waived his right thereunder he is precluded from invoking the clause as a defence. *Lucier* v. *Williams, supra.* In *Moskow* v. *Burke, supra,* and in *Margolis* v. *Tarutz, supra,* on which the plaintiff relies, the contract required affirmative action on the part of the seller to perfect the titles which he had agreed to convey and it was held that his failure to perform showed bad faith and intention not to carry out the agreements. See also *Lafond* v. *Frame,* 327 Mass. 364; *Widebeck* v. *Sullivan,* 327 Mass. 429. The exercise of bad faith, being essentially fraudulent, concluded the seller's right under the escape clause. See *Exchange Realty Co.* v. *Bines,* 302 Mass. 93, 96–97. In *J. J. Newberry Co.* v. *Shannon, supra,* it was held that the seller had waived his right.

At the time of the agreement in the instant case the de-

fendant Sneierson had no title to the land which he contracted to convey. This lack of title was a defect, as the term was used in the contract. See American Law of Property, § 11.49, page 141; *Old Colony Trust Co.* v. *Chauncey, supra.* The title was held by a corporation of which he was one of three directors. One of the other directors was his wife who had objected to the contract. The board of directors voted not to sell. The judge has made no findings as to how each of the three members of the board voted, or that Sneierson acted other than in good faith. The burden of showing conduct amounting to fraud on the part of Sneierson was on the plaintiff. *Twohig* v. *Daly,* 248 Mass. 49, 51. *Exchange Realty Co.* v. *Bines,* 302 Mass. 93, 98. The judge, however, found that Sneierson failed to comply with the terms of his agreement and was liable in damages to the plaintiff. We think that this finding must be construed to refer to Sneierson's failure to convey. That is the only violation of the terms of the contract which appears from the record. In the circumstances there was no obligation on his part to obtain title from the corporation. *Flier* v. *Rubin,* 321 Mass. 464, 467. *Drapen* v. *Foley,* 258 Mass. 167, 169. In our opinion it was error to decree that Sneierson was liable in damages to the plaintiff. The agreement as matter of law was terminated on the date set for the conveyance by the inability of the seller at that time, without fault on his part, to have a title which he could convey. That portion of the final decree which relates to the corporation is affirmed. The part relating to Sneierson is reversed and as to him a decree is to be entered dismissing the bill. He is entitled to the costs of this appeal.

*So ordered.*