SHANNON, Judge.
The appellee, R. C. Way, as plaintiff, filed suit for specific performance of a written contract entered into between him as vendee and appellant, John Kubicek, as vendor. The Chancellor below entered a final decree for the plaintiff.
The contract was in standard form and had in it a clause that is usually found in such contracts providing:
“In the event the title shall be proven to be unmerchantable, the Seller shall have a period of 120 days after notification thereof within which to cure defects in title, and this sale shall be closed within 15 days after notice of such curing to the Buyer or his attorney. Upon Seller’s failure to correct unmerchantability within the time limit, the earnest money deposit shall be returned to the Buyer upon demand and all rights and liabilities arising hereunder shall terminate.”
*174 Kubicek, through his attorney, then had an additional clause put into the contract which read as follows:
“ * * * that should the Seller be unable to deliver title to Buyer, Raymond C. Way within the time limit specified above, then this contract shall be void and the Agent shall return the deposit made hereunder to the Buyer.”
The contract called for 600 acres. The defendant, not owning 60 acres of the land described in the contract, and being unable to obtain the 60 acres, sought to return the deposit to Way. The Chancellor, decreeing specific performance, also found that the land had increased from $55 per acre to $85 per acre and decreed the difference as damages for the 60 acres defendant could not convey.
This is a particularly difficult case to determine in view of the two clauses quoted above and the Chancellor’s ruling that the plaintiff should have specific performance of that portion of the land owned by the defendant and damages for that portion which he did not own. If it were not for the clause that the defendant himself put into the contract, the question would be relatively simple and so, we have to approach the question from the standpoint of whose benefit each of these two clauses are for.
If, on the one hand, both clauses are for the benefit of the vendor, the bill should have been dismissed. While, if both clauses were for the benefit of the vendee, the decision will have to stand. But, as we view it, from the practicable application, one of the clauses is for the benefit of the vendor and the other clause is for .the benefit of the vendee.
The appellant contends that the Chancellor has erred and, among other cases, cites us to a Massachusetts case of Fisher v. Sneierson, 1953, 330 Mass. 48, 110 N.E.2d 838, 839, wherein the contract of sale provided as follows:
“ ‘If seller is prevented from performing by defect not caused by him he shall return any deposit, and all rights under this contract shall end.’”
The court in ruling against specific performance had this to say:
“At the time of the agreement in the instant case the defendant Sneierson had no title to the land which he contracted to convey. This lack of title was a defect, as the term was used in the contract. See American Law of Property, § 11.49 page 141; Old Colony Trust Co. v. Chauncey, supra [214 Mass. 271, 101 N.E. 423], The title was held by a corporation of which he was one of three directors. One of the other directors was his wife who had objected to the contract. The board of directors voted not to sell. The judge has made no findings as to how each of the three members of the board voted, or that Sneierson acted other than in good faith. The burden of showing conduct amounting to fraud on the part of Sneierson was on the plaintiff. Twohig v. Daly, 248 Mass. 49, 51, 142 N.E. 700; Exchange Realty Co. v. Bines, 302 Mass. 93, 98, 18 N.E.2d 425. The judge, however, found that Sneierson failed to comply with the terms of his agreement and was liable in damages to the plaintiff. We think that his finding must be construed to refer to Sneierson’s failure to convey. That is the only violation of the terms of the contract which appears from the record. In the circumstances there was no obligation on his part to^ obtain title from the corporation. Flier v. Rubin, 321 Mass. 464, 467, 73 N.E.2d 742; Drapen v. Foley, 258 Mass. 167, 169, 154 N.E. 568. In our opinion it was error to decree that Sneierson was liable in damages to the plaintiff. * * * ”
The appellee takes the position that we should affirm the Chancellor and cites, *175 among other cases, Hunt v. Smith, 1891, 139 Ill. 296, 28 N.E. 809, wherein specific performance was decreed on a contract that provided:
“ * * * In case the title, upon examination, is found materially defective within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded, and this contract is to become inoperative * * * ”
There was a mortgage of considerable size outstanding and the vendor had refused a conveyance. In upholding specific performance, the court stated:
“It is claimed by the appellants that, by reason of the inability of Hunt to convey an unincumbered title, the contract, by its own terms, became inoperative, and therefore no longer binding on either party; and the evidence tends to show that Hunt, acting upon that theory, undertook to declare the contract forfeited, and conveyed said lots to Newman. It is plain that the construction thus sought to be put upon the contract was entirely unwarranted. The contract is an absolute undertaking by Hunt to sell and by Smith to purchase said lots upon the terms stated; Hunt, on his part, to convey a good title. True, a provision is added that, in case the title, upon examination, should be found materially defective, then, unless such defects should be cured within 60 days after written notice thereof, the earnest money should be refunded, and the contract should become inoperative. This clearly was a provision inserted for the sole benefit of the purchaser, and one of which he alone could take advantage. It provided for the consequences of a failure of performance by the vendor, and, in the nature of things, could have been intended to only confer upon the purchaser the right to treat the contract as inoperative. It would be absurd to suppose that the parties intended to make a breach by the vendor of his own undertaking a ground upon which he would have a right to declare the contract void. Such construction would, in effect, make the performance of the contract a matter dependent upon the mere will or caprice of the vendor, as it would always be within his power, if he should see fit to do so, to tender to the purchaser an imperfect title, and thus avail himself of his option to rescind.”
We find many cases in this country following one or the other of the two cited cases, but in Florida we have the case of Holltorf v. Walker, 1929, 97 Fla. 508, 121 So. 553, followed by Romines v. Nobles, Fla.1941, 55 So.2d 563. The majority opinion in the Holltorf case held against specific performance by saying that the contract had in it a clause providing the penalty for non-performance. There is a dissenting opinion in the Holltorf case which takes the opposite position. Then, in the Romines case [55 So.2d 664], the court had this to say about Holltorf v. Walker:
“We have examined the case of Holltorf v. Walker, 97 Fla. 508, 121 So. 553, relied on by the appellee, and do not find that it necessarily conflicts with the decisions of this court in the Vance case [Vance v. Roberts, 96 Fla. 379, 118 So. 205], and the Sperling case [Sperling v. Davie, Fla., 41 So.2d 318], above referred to. Insofar as it may appear to be in conflict with such decisions, however, the opinion in Holltorf v. Walker is hereby modified.”
In the instant case the vendor owns some of the land and some he did not. It is clear that if we hold that this clause is for the benefit of the vendee then, it would necessarily follow that specific performance in the instant case would lie. However, while holding that the first clause is for the benefit of the vendee, we then hold that the second clause is for the benefit of the *176 vendor, we have, to a great extent, ironed out the differences that are apparent in the cases as a whole. In other words, in holding that the second clause in the instant case is for the benefit of the vendor, Edwards Lumber & Land Co. v. Smith, 1926, 191 N.C. 619, 132 S.E. 593, we will not violate the reasoning in any decided case and so, we think that the portion of the Chancellor’s decree holding that specific performance will lie as to that portion of the real estate owned by the defendant is affirmed, but that portion wherein the Chancellor decrees damages for the vendor’s failure to convey the 60 acres which he did not own, will have to be reversed.
Affirmed in part and reversed in part.
KANNER, C. J., and ALLEN, J., concur.