241 So.2d 451 (1970)
NEW PRODUCTS CORP., a Florida Corporation, Appellant,
v.
CITY OF NORTH MIAMI, a Florida Municipal Corporation, Appellee.
No. 70-238.
District Court of Appeal of Florida, Third District.
November 10, 1970.
Rehearing Denied December 14, 1970.
Shapiro, Fried, Weil & Scheer, Miami Beach, for appellant.
Martin D. Kahn and Haiman Long Clein, No. Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
The appellant and appellee-City entered into a contract for the appellant to purchase certain property in consideration of the payment of $75,000.00. One of the provisions of the contract of purchase and sale required the property to be rezoned multiple family. The City apparently determined not to go through with the transaction. Suit for specific performance was instituted, during the pendency of which the purchaser agreed to take the property as originally zoned and pay the full purchase price. The chancellor held that the provision requiring the City to re-zone the property to multiple family was an illegal provision which vitiated the entire contract, and rendered a final decision in favor of the City and this appeal ensued. We reverse.
Clearly, the provision requiring the City to re-zone the property to multiple family was an illegal covenant. Hartnett v. Austin, Fla. 1956, 93 So.2d 86; Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Company, Fla. *452 App. 1958, 108 So.2d 74. However, it was for the benefit of the purchaser and he had the option to waive this provision, pay the full consideration, and take the property as presently zoned. Livingston v. Malever, 103 Fla. 200, 137 So. 113; Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263; 7 Fla.Jur., Contracts, § 140. Generally, when a contract provides for two obligations on the part of one party and consideration to be paid by the other [one of which obligations on the party of the first part being illegal], the party of the second part [who pays the consideration] has the option to complete the contract notwithstanding the illegality or inability to enforce one of the promises on the part of the party of the first part. Osgood v. Central Vermont R. Co., 77 Vt. 334, 60 A. 137; Central New York Telephone & Telegraph Co. v. Averill, 199 N.Y. 128, 92 N.E. 206; Suesskind v. Wilson, 124 Ohio St. 54, 176 N.E. 889; Packard & Field v. Byrd, 73 S.C. 1, 51 S.E. 678; 17 Am.Jur.2d, Contracts, § 230; 7 Fla.Jur., Contracts, § 70; cf. Local No. 234 of United Association of Journeymen and Apprentices of Plumbing and Pipefitting Industry of United States and Canada v. Henley & Beckwith, Inc., Fla. 1953, 66 So.2d 818. However, the converse of this is not true when the consideration is illegal. Morgan v. Foster, 208 Ga. 630, 68 S.E.2d 583; Good Hope State Bank v. Kline, 303 Ill. App. 381, 25 N.E.2d 425; Guardian Agency v. Guardian Mut. Sav. Bank, S.Ct.Wis. 1938, 279 N.W. 79. It is generally held that a purchaser of real property may waive obligations on the part of the seller and take the property without complete performance on the part of the seller upon the payment of the entire purchase price [Triplett v. Brevard Properties, Inc., 94 Fla. 869, 115 So. 534; Kubicek v. Way, Fla.App. 1958, 102 So.2d 173; Mazel v. McCurrach, Fla.App. 1959, 110 So.2d 696; Urbain v. Speak, S.Ct.Iowa 1966, 139 N.W.2d 311; Sidle v. Kaufman, 345 Pa. 549, 29 A.2d 77]. The impact of these holdings is that the obligation to perform certain covenants in addition to conveyance of the property [which are for the benefit of the purchaser] are severable. And, even though the covenants may not be performed or would be illegal they are not integral parts of the contract and the purchaser may require specific performance of the remaining valid portions of the agreement.
Therefore, for the reasons above stated the final judgment here under review be and the same is hereby reversed, with directions to the trial judge to grant specific performance to the appellant in accordance with the agreement between it and the City, save and except that portion relating to a re-zoning of the parcel.
Reversed and remanded, with directions.