BASKIN, Judge
(dissenting).
The majority decision permits appellee to avoid the unambiguous language expressed in the contract between the parties.
This contract is contingent upon Purchaser’s ability to obtain permission from the City of Coral Gables to use the above described property for surface only off-street parking, which permission must be obtained by Purchaser on or before June 20,1979 or otherwise Seller, at her option, may cancel this contract, in which event Purchaser’s deposit shall be returned to him. (emphasis added).
Mr. Paige’s claims that the condition of obtaining offrstreet parking was for his benefit, and that his waiver of the condition bound Mrs. Miller, belies the clear statement to the contrary contained in the agreement prepared by his attorney. Unambiguous language in a contract should be given its expressed meaning. Board of Public Instruction of Dade County v. Fred Howland, Inc., 243 So.2d 221 (Fla.3d DCA 1970); 11 Fla.Jur.2d, Contracts § 114 at 411 (1979). New Products Corp. v. City of Miami, 241 So.2d 451 (Fla.3d DCA 1970), cert. denied, 244 So.2d 434 (Fla.1971), cited by the majority, is inapplicable since, in that case, the purchaser waived obligations on the part of the seller with regard to rezoning, whereas here, the majority decision permits the purchaser to waive his own opportunity to obtain rezoning and, in addition, permits the purchaser to waive the seller’s option to cancel as provided in the contract.
For these reasons, I would reverse the summary judgment granting appellee specific performance and require the trial court to grant appellant Miller’s motion for summary judgment.