ALICE BATCHELDER *vs.* TOM BROWN.

Middlesex.    December 13, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction, Performance and breach, Of service.

In an action by a musician and actress against one engaged in conducting a portion of a theatrical performance, it appeared that the defendant, in Chicago, on August 12 telegraphed to the plaintiff, in Massachusetts, as follows: " Can you come to Chicago at once to join my act will pay you forty dollars per week and transportations want you here to rehearse couple of days we leave Tuesday and open in Minneapolis Thursday August Nineteen wire answer at once Union Hotel Chicago Ills." The plaintiff replied by telegram as follows: " Can you guarantee full season, transportation to Chicago, and fifty dollars a week position here equals that." The defendant then replied by telegram as follows: " Have good booking for the season sometime a lay off is forced on an act or two make railroad jump will pay salary you mentioned understand you furnish evening gown and double on also saxophone wire answer at once also time you will arrive in Chicago will refund your fare." The plaintiff went to Chicago and worked for the defendant from August until February, when the defendant refused to employ the plaintiff further. There was evidence that the word " season " in the telegrams meant a period from August 15 in one year to May 15 in the following year. The trial judge refused to order a verdict for the defendant and there was a verdict for the plaintiff. *Held,* that

(1) The plaintiff and the defendant never came to an agreement upon the length or period of time the plaintiff was to serve the defendant and the defendant was to employ the plaintiff;

(2) The contract for services was terminable at the will of either party;

(3) A verdict for the defendant should have been ordered.

CONTRACT for alleged breach of an agreement to employ the plaintiff as a musician and actress. Writ dated December 20, 1921.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is described in the opinion. The defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $740. The defendant alleged exceptions.

*J. A. Brackett,* for the defendant.

*C. S. Hill,* (*T. J. Barry* with him,) for the plaintiff.

PIERCE, J. This is an action to recover damages for the alleged breach of a written contract, by which the plaintiff was engaged to render services as a musician and actress in a company of the defendant. " At the close of the evidence the defendant requested that on all the evidence which is the evidence set forth in the bill of exceptions, the plaintiff could not recover." This request was denied, the defendant duly excepted, and the jury found for the plaintiff.

The defendant contends that on all the evidence the plaintiff is not entitled to recover, because (1) the facts do not establish a legal agreement; (2) the evidence does not establish such an interpretation of the word " season " as is required by the rules of universal custom; and (3) evidence explaining the word season was inadmissible.

The alleged contract between the parties is confined to the following telegrams:

" Chicago, Ill. August 12, 1920.
Miss Alice Batchelder, Cornetist,
    92 Lake Street, Melrose, Mass.

Can you come to Chicago at once to join my act will pay you forty dollars per week and transportations want you here to rehearse couple of days we leave Tuesday and open in Minneapolis Thursday August Nineteen wire answer at once Union Hotel Chicago Ills.

Gus King "

" Boston, Mass., August 13, 1920.
Gus King,
    Union Hotel, Chicago.

Can you guarantee full season, transportation to Chicago, and fifty dollars a week position here equals that

Alice Batchelder "

" Chicago, Ills. August 13, 1920.
Miss Alice Batchelder,
    92 Lake Street, Melrose, Mass.

Have good booking for the season sometime a lay off is forced on an act or two make railroad jump will pay salary

you mentioned understand you furnish evening gown and
double on also saxophone wire answer at once also time you
will arrive in Chicago will refund your fare

Gus King ''

After receiving the telegram the plaintiff left for Chicago
and was met on her arrival by King, who arranged for and
superintended a rehearsal of the act. It is agreed the plain-
tiff commenced to work for the defendant on August 19,
1920, and so continued until February 6, 1921; and that she
was paid for her services during that period. On February
6, 1921, the revue closed in New York, the reason given by
King being '' because it could get no more booking from the
Loew people for whom we worked and that week (February
6, 1921,) we knew we could get no more booking. We tried
to get other booking but could not and closed it for good and
it never played since.'' On the same point the defendant
in a letter to the plaintiff dated February 17, 1921, wrote:
'' I am very sorry that the act had to close, but it is just one
of those things that we are up against in New York, as it is
a mighty hard thing to please everybody.''

Should we assume, as the plaintiff contends, that the
word '' season '' as used in the telegrams meant a period of
time commencing on or about August 15 in one year and
terminating on or about May 15 of the following year, and
that that was the sense in which the word was used in the
telegrams, we nevertheless think the plaintiff was not en-
titled to recover any damages predicated upon an '' alleged
breach of a written contract '' to employ her for the period
of time determined by the definition of the word season, for
the reason that the plaintiff and defendant never came to
an agreement upon the length or period of time the plaintiff
was to serve the defendant and the defendant was to employ
the plaintiff. The first telegram makes no mention of the
time to be covered by the employment. The second tele-
gram recognizes this omission and asks '' Can you guarantee
full season.'' The third and last telegram evades an answer
to the question '' Can you guarantee full season,'' by the
adroit reply '' Have good booking for the season sometime

a lay off is forced on an act or two make railroad jump . . . wire." Instead of wiring or otherwise ascertaining whether the defendant would guarantee a full season, the plaintiff so far as the record discloses dropped the matter of an understanding as to the period to be covered by her contract and entered the service of the defendant for a time measured only by the will of the plaintiff or by that of the defendant. *Harlow* v. *Curtis*, 121 Mass. 320. *Lawrence* v. *Rosenberg*, 238 Mass. 138, 142.

*Exceptions sustained.*