MARY E. APPLEGATE *vs.* ROBERT NAGER & others.

Suffolk.    May 21, 1934. — June 26, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, What constitutes, Parties, For sale of real estate.

A suit in equity to compel specific performance of an alleged contract in writing to convey real estate of the defendant could not be maintained where it appeared that, while the instrument purported to be a contract between the plaintiff and the defendant for the conveyance, it contained a provision, "In consideration of the above . . . [the] wife

of the said . . . [defendant], hereby agrees to join in the Deed to be made aforesaid and to release . . . all right of dower and homestead in said premises"; that the instrument was prepared in duplicate and each copy was signed by the plaintiff and by the defendant; that the plaintiff paid the defendant $150; that each party retained one copy of the document in that condition; that the defendant promised to have his wife, who was not present at the time of signature, sign the copy retained by him, and to bring it the next day for exchange; that the wife refused to sign; and that later the defendant entered into an agreement to sell the property to another: the defendant's signature to the instrument was not to be effective unless and until his wife signed, and therefore there was no effective delivery of it so as to make it binding.

BILL IN EQUITY, filed in the Superior Court on November 27, 1933.

The suit was heard by *Weed*, J. Material facts found and rulings made by him and a final decree entered by his order are described in the opinion. The plaintiff appealed.

*M. H. Sullivan*, for the plaintiff.

*M. Reiser*, for defendant Nager.

CROSBY, J. This suit in equity is brought to compel specific performance by the defendant Nager of an alleged written agreement for the sale and purchase of certain real estate, and for damages for Nager's failure so to convey.

The agreement relied on by the plaintiff contained among other provisions the following: "In consideration of the above Sarah Nager wife of the said Robert Nager, hereby agrees to join in the Deed to be made aforesaid and to release to the party of the second part all right of dower and homestead in said premises." The trial judge filed a report of material facts and an order for a decree. He found that the defendant Nager. owned the house in issue at 30 Centre Street, Dorchester, in the fall of 1933, and renovated it and desired to sell it; that the plaintiff and her husband, through one O'Brien, a broker, entered into negotiations with Nager to exchange property of the plaintiff for that of Nager; that an agreement was prepared in duplicate and each copy was signed by Nager, and the plaintiff and her husband; that the plaintiff paid Nager $150 as stipulated in the agreement; that Mrs. Nager was not present and Nager promised to have her sign the agreement that night

and to bring it to the plaintiff the next day and exchange it for the copy retained by the plaintiff; that Mrs. Nager refused to sign the agreement and Nager did not see the plaintiff again until after this suit was begun; that he called O'Brien the next day and told him his wife had refused to sign, but if they waited a few days perhaps she would do so; that at a later time Nager entered into an agreement to sell the property to the defendants McLaughlin which was assented to by Nager's wife; and that she was not bound by the agreement made with the plaintiff. The judge states: The agreement with the plaintiff "while in terms between Nager and the plaintiff called for the signatures of Mrs. Nager and Mr. Applegate for the express purpose of releasing all their respective rights in the properties to be traded. The written agreements were signed by all but Mrs. Nager. One copy was then retained by each of the principal parties, with the express understanding that Nager was to obtain Mrs. Nager's signature to the copy retained by him and a final exchange to be made of the agreements the next day. Mrs. Nager did not sign. No such exchange was ever made. I rule as matter of law that in these circumstances there was never any effective delivery of the agreement so as to make it binding upon and enforceable against the parties, or any of them who had signed the same. The plaintiff plainly is entitled to a recovery of her $150 deposit under her prayer for general relief."

A final decree was ordered dismissing the bill as to all defendants except the defendant Nager, and ordering him to pay the plaintiff the sum of $150 with interest from the date of the decree together with costs of suit taxed as at law within twenty days from the date of the decree. A final decree was entered as ordered, from which the plaintiff appealed.

The agreement expressly provided that "In consideration of the above Sarah Nager wife of the said Robert Nager, hereby agrees to join in the Deed to be made aforesaid and to release to the party of the second part all right of dower and homestead in said premises." It thus plainly

appears that Nager's wife was to sign the agreement, and that his signature thereto was not to be effective unless and until his wife had signed.   The judge correctly ruled that in these circumstances "there was never any effective delivery of the agreement so as to make it binding upon and enforceable against the parties, or any of them who had signed the same."   *Harlow* v. *Curtis*, 121 Mass. 320, 322. See also *Smith* v. *Faulkner*, 12 Gray, 251, 255; *Russell* v. *Annable*, 109 Mass. 72; *Kehlor Flour Mills Co.* v. *Linden*, 230 Mass. 119, 123.   *Lawrence* v. *Rosenberg*, 238 Mass. 138, 142; *Batchelder* v. *Brown*, 248 Mass. 217.

*Decree affirmed with costs.*