THOMAS A. ELIOPOULOS *vs.* ANGEL MAKROS & another.

Essex.   January 8, 1948. — March 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Contract,* Contract of sale, Modification.  *Sale,* Contract of sale.  *Equity Jurisdiction,* Specific performance.  *Equity Pleading and Practice,* Decree.

A contract of sale was not lacking in mutuality merely because it expressly provided that the purchaser might rescind it if the seller failed to perform some of its provisions, but made no such specific provision in favor of the seller.

Obligation of a husband under a contract in writing by which he agreed to sell shares of stock in a corporation and to give a lease, including an option for purchase, of his real estate occupied by the corporation, and which his wife had signed agreeing to release her rights in the real estate in the event of a conveyance by the husband, was not affected by the failure of the wife to join in an agreement for extension of time for performance executed by the husband and the purchaser.

A decree ordering specific performance of some of the obligations of a contract in writing should not have contained a provision that the suit be retained for the future assessment of damages to the plaintiff if the defendant should fail to perform certain other obligations of the contract, but should also have ordered the defendant to perform in those respects.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated April 12, 1945.

The suit was heard by *Donahue, J.*

*L. E. Duane,* for the defendant Makros.

*H. A. Simon, A. R. Pitcoff, & A. C. Stein,* for the plaintiff, submitted a brief.

WILLIAMS, J. This is a suit in equity for the specific performance of a written contract to sell the outstanding shares of stock in Angie's, Inc., a corporation operating a restaurant at 59 Broadway in Beverly, and to lease to the plaintiff, with an option to purchase, the real estate at the same location. The defendants named in the writ are Angel Makros, Pauline Makros, his wife, and the corporation, Angie's, Inc. The judge made findings of fact both voluntary and under the statute, G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1945, c. 394, § 1, and entered a final decree granting the plaintiff relief against Angel Makros and Angie's, Inc., by way of specific performance and dismissing the bill against Pauline Makros. From this decree Angel Makros has appealed.

The evidence, which was reported, was substantially as follows: On January 23, 1945, the plaintiff and the defendant Angel Makros executed a written agreement whereby Makros, after stating that he was the owner of one hundred shares, being all of the capital stock of Angie's, Inc., and also the owner of the real estate at 59 Broadway, Beverly, where the restaurant operated by the corporation was located, agreed to sell and transfer to the plaintiff on or before April 2, 1945, this stock for the price of $4,500. The terms of the agreement provided that Makros should lease this real estate to the plaintiff for a term of three years at a monthly rental of $90; that the plaintiff should have an option to purchase this property at any time during the term of the lease for $9,500, which price included the outstanding balance due on a mortgage to the Salem Five Cents Savings Bank, the purchaser to have the privilege of making part payment of this sum by a purchase money mortgage for $4,000 on certain stated terms; that the lease should contain certain provisions as to the respective obligations of the parties in reference to the maintenance

of the premises; and that the plaintiff should pay $500 as a deposit, $3,500 in cash and the balance of $500 by his promissory note at the time of transfer. Makros agreed to effect the transfer of the stock by the corporation, to have the plaintiff elected an officer and manager of the corporation, and to arrange for the approval of the transfer of the stock and the change in management by the licensing board of Beverly and the alcoholic beverages control commission. If Makros failed to effect such election or to obtain such approval, the plaintiff was given an option to rescind the contract. Makros agreed and warranted that at the time of transfer liquor to the wholesale value of $500 would be on the premises, that a list of described articles of personal property would remain in the ownership and possession of the corporation, and that the corporation would be free from indebtedness. Following the signatures of the plaintiff and Angel Makros appeared the following paragraph, signed by the defendant Pauline Makros: "In consideration of the foregoing and in consideration of the sum of one Dollar ($1.00) and other valuable consideration to me in hand paid by Thomas A. Eliopoulos I herewith agree to be bound by the terms of the foregoing agreement in so far as the same relates to any shares of capital stock of Angie's, Inc. in which I may have any interests and in so far as the same relates to the real property numbered 59 Broadway, Beverly, Mass.; and for the same consideration I hereby agree to join in and sign any deed executed by my husband, Angel Makros in favor of Thomas A. Eliopoulos and I agree in connection therewith to release all my rights of dower and homestead and all other rights therein and to affix my signature thereto in furtherance of this undertaking." At the time of signing the above agreement Makros accepted from the plaintiff by way of deposit a check of the plaintiff's attorney drawn in the amount of $500. On March 31, 1945, this agreement was extended until and including April 4 by a writing signed by the plaintiff and Makros. Mrs. Makros was not present and did not sign this extension. Makros never cashed the $500 check. On April 4 the plaintiff tendered to Makros $4,500

in cash. Makros refused to accept this money and to perform his agreement.

The judge found that the agreement of January 23 and the extension of March 31 were duly executed. He also found that Makros was satisfied to accept the check for $500 as a deposit instead of cash.

The final decree provided for the dismissal of the bill against Pauline Makros, ordered that Angel Makros, on tender by the plaintiff of $4,500, "specifically perform the terms of the written contract . . . dated January 23, 1945," except that part of the contract which provided for the obtaining of the approval of the licensing board and the alcoholic beverages control commission. The decree followed the language of the contract. The decree further ordered the defendant corporation to waive any restrictions upon the transfer of its shares of stock and to record upon its books the transfer of the shares to the plaintiff and to accept the resignations of the present officers of the corporation. The findings of fact and the decree are adequately supported by the evidence.

The defendant contends that the agreement is unenforceable because it is confused, ambiguous and lacking in mutuality. An examination of the contract shows that its terms are clearly stated and that it covers the situations which would be likely to arise. The argument as to lack of mutuality is based on the option given to the plaintiff to rescind the contract on the failure of Makros to effect the plaintiff's election as an officer of the corporation and the approval of the two commissions. As stated by Williston, Contracts (Rev. ed. 1936) § 141, page 508, "adequacy of consideration is a matter exclusively for the decision of the parties. The large class of cases where one party to a contract may reject performance which is not satisfactory to him . . . while no corresponding privilege is given to the other party, is itself enough to establish what should need no argument, that the obligations of the parties to a contract need not be substantially equal." *Vitagraph, Inc.* v. *Park Theatre Co. of Boston,* 249 Mass. 25, 30.

The principal contention of the defendant is that by

reason of the failure to obtain the signature of his wife Pauline to the extension agreement, the contract of January 23 expired on April 2 and thereafter was not enforceable. The defendant relies on *Applegate* v. *Nager*, 287 Mass. 188. In that case the judge found as a fact that the parties did not intend the written agreement to become effective until the signature of the wife to the agreement had first been obtained. In the instant case we have an existing agreement which was effective at the time the extension was signed by the plaintiff and Makros. The performance of the terms of that agreement by Makros was in no sense dependent upon performance by his wife. The plaintiff could obtain the transfer of the shares of stock and the execution of the lease by Makros without any act or acts to be performed by Mrs. Makros. The plaintiff could also have the benefit of his option to purchase if willing to accept a deed signed only by Makros. *Melamed* v. *Donabedian*, 238 Mass. 133. *Brookings* v. *Cooper*, 256 Mass. 121. *Margolis* v. *Tarutz*, 265 Mass. 540. Failure of Mrs. Makros to sign the extension, although it resulted in the bill being dismissed as against her, did not affect the obligations of her husband. As the plaintiff has not appealed from the decree dismissing the bill against Mrs. Makros, we need not consider whether the original agreement of January 23, without any extension, was enforceable against both Angel Makros and his wife on April 4.

The final paragraph of the decree, which provides that the bill is to be retained for the future assessment of damages to the plaintiff if the defendant Makros fails (1) to discharge any indebtedness the corporation may have at the time of the transfer of stock; (2) to have on hand at the time of such transfer of stock $500 worth of liquor at wholesale cost price; or (3) to have on hand any of the articles of personal property enumerated in paragraph 5 of the contract, should be eliminated. The decree, being final in its nature, should order the defendant to perform in these respects also. *Kingsley* v. *Fall River*, 280 Mass. 395, 398. *New England Factors, Inc.* v. *Genstil*, *ante*, 36, 45. The remedy of the plaintiff for failure by the defendant to

comply with the orders of the decree doubtless would be found in contempt proceedings. *White* v. *White,* 233 Mass. 39, 44. *New York Central Railroad* v. *Ayer,* 253 Mass. 122, 127. *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 337. As so modified, the decree is affirmed with costs.

*So ordered.*