John Hays Gardiner & another *vs.* Linda Richards & another.

Norfolk.   October 3, 1956. — February 12, 1957.

Present: Wilkins, C.J., Ronan, Spalding, & Williams, JJ.

*Contract*, For sale of real estate.

Under a contract for sale and purchase of certain lands providing that if the seller should be unable to make conveyance at the time for performance the buyer's deposit should be refunded and the contract should become void, it being "agreed, however, that the seller shall convey such title as he can deliver to said premises . . . provided the buyer elects to accept the same and to pay therefor the purchase price without deduction," where it appeared in a suit by the buyer against the seller that at the time for performance the seller owned only a portion of such lands, the buyer at his election and upon payment of the full purchase price would be entitled to a decree ordering the seller to convey to him the portion owned by the seller, and if the buyer did not so elect the deposit should be refunded and the contract become void.

Bill in equity, filed in the Superior Court on July 11, 1952.

The plaintiffs appealed from a final decree entered after hearing by *Nagle, J.*

*J. Blake Thaxter, Jr.,* (*Irving H. Beckwith* with him,) for the plaintiffs.

*Allen Lawson,* for the defendant Richards.

*W. Langdon Powers,* (*Robert S. Jones* with him,) for the defendant Howard D. Johnson Company.

Ronan, J.   This is an appeal from a final decree entered in a proceeding for a declaratory decree determining the rights and obligations of the parties arising under a written purchase and sale agreement by which the plaintiffs undertook to purchase certain parcels of land in Weymouth. The evidence has not been reported but we have a report of the material facts,

One Linda Richards, hereinafter called the defendant, leased to Howard D. Johnson Company, hereinafter called Johnson, on March 28, 1946, a parcel of land for the term of ten years with an option for ten years more. She also gave to the lessee a prior preference to purchase the demised premises or "all of my said Weymouth real estate or each or any part thereof." She subjected all the rest of her real estate situated in Weymouth to the restriction that it should not be used for any commercial purpose without written consent of the lessee. Johnson conducted a restaurant and ice cream stand on the demised premises. The leased premises were located upon a parcel of land hereinafter referred to as included in deed 2. On this lot there were also located the Richards's homestead premises. The lease from the defendant to Johnson was seasonably recorded and we assume that it has been renewed since the pendency of this appeal.

The plaintiffs and the defendant entered into a written agreement on December 11, 1947, by which the defendant agreed to sell and the plaintiffs to buy two parcels of land, one containing about sixty-five acres and the other about eighteen and one third acres "including all the land in said Weymouth owned by the Seller whether or not shown on said plan" except the land leased to Johnson and the homestead lot. The land described in this agreement contained the premises included in deeds 2, 4, 5, and 6 hereinafter referred to. The purchase price was $12,000 of which $500 was paid upon the signing of the agreement. Title was to pass on February 13, 1948. This agreement contained the clause "that time is of the essence of this agreement." If the defendant was unable to make a conveyance at the stated time, then she agreed to make reasonable efforts to do so and the time for performance was to be extended for thirty days; and if she then was not ready to perform the deposit should be refunded and the agreement should become void and without recourse to either party. "It is agreed, however, that the Seller shall convey such title as [s]he can deliver to said premises in their then condition provided the Buyer

elects to accept the same and to pay therefor the purchase price without deduction." The time for the performance of the agreement was successively extended to December 1, 1949. On that date the plaintiff Gardiner made a tender of the full balance of the purchase price for a conveyance of all the land mentioned in the agreement. It was refused. An action at law was brought for damages for breach of this agreement in the Superior Court by a writ returnable on February 6, 1950, and is now pending. The present suit was commenced on July 11, 1952.

The plaintiffs recognize the rights of Johnson in the land referred to in deed 2 but insist on a conveyance of the remaining land described in the agreement of December 11, 1947, being the premises described in deeds 4, 5 and 6. As to the land included in deed 4 the judge found that this deed was executed on May 25, 1932, by the defendant's father and turned over to the defendant for safe keeping and she retained it in her custody, subject to his direction, up to the time of his death in May, 1950. She had the deed recorded on July 25, 1951. The judge further found that the defendant was friendly with her father and acted as his secretary; that he did not intend to convey any title to her, as she understood; that she was to retain custody of the instrument subject to his wishes and direction; and that he was to retain the title, ownership, control, and management of the premises up to the time of his death. These findings of fact are not shown to be inconsistent and must be accepted as true. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. *Brooks* v. *National Shawmut Bank*, 323 Mass. 677, 680. *Woods* v. *MacDonald*, 326 Mass. 401, 404. Accordingly the defendant was not able to make a conveyance of the land included in deed 4 during the life of the agreement as extended.

The land described in deeds 5 and 6 was acquired by the defendant from her father by deeds dated August 3, 1946, and recorded July 25, 1951. The judge found that the defendant became owner of the parcels included in these deeds and has since retained ownership. Nothing appears

in the judge's findings that shows that they are exempt from the scope of the plaintiffs' agreement.

The judge found that the only land that the defendant owned at the date of the lease to Johnson was the land set forth in deed 2; that the land as shown in deeds 4, 5, and 6 was not owned by her at that time, and therefore was not subject to any of the provisions of the lease; that the purchase and sale agreement with the plaintiffs was not divisible; that the defendant cannot comply with the terms of the lease or give title as set forth in the agreement with the plaintiffs; that the performance of that agreement is impossible; and that the defendant should repay the deposit made by the plaintiffs and thereupon the obligations of the parties shall end.

The plaintiffs in their brief now make no claim to any alleged interest in land included in deed 2 which was the parcel in which the Johnson premises are located. They admit they had constructive notice of the lease to Johnson and that that parcel of land is subject to the Johnson lease. They argue that they are, however, entitled to have the written agreement specifically performed as to land described in deeds 4, 5, and 6, and that the defendant should be ordered to do so. The defendant did not agree to sell all the land or nothing. The plaintiffs could buy whatever she could convey provided they paid the full purchase price for a conveyance of all the land mentioned in the agreement, although this is not a usual provision of such an agreement. *Kares* v. *Covell*, 180 Mass. 206. *Cashman* v. *Bean*, 226 Mass. 198, 202. *Eliopoulos* v. *Makros*, 322 Mass. 485.

The instant case is distinguishable from those where an agreement frees the seller who, acting in good faith, is unable to transfer all or an unencumbered title to the land he undertook to sell, and may decline to make any conveyance, like *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, 274, *Buckley* v. *Meer*, 251 Mass. 23, 25–26, *Drapen* v. *Foley*, 258 Mass. 167, 169–170, and *Fisher* v. *Sneierson*, 330 Mass. 48, 50. The defendant expressly agreed that if she should be unable to convey all the land set forth in the agreement at

the time set for the conveyance she would, at the election of the plaintiffs, make whatever conveyance she could, provided they paid her the entire balance of $11,500. It is this material part of the agreement which the plaintiffs are attempting to enforce. The only land that she could convey on December 1, 1949, the date fixed for conveyance, was that land included in deeds 5 and 6 and in deed 2 if Johnson did not exercise its rights under its lease.

Johnson by the extension of April 20, 1956, of the lease of March 28, 1946, for the term of ten years continues to occupy a portion of the land contained in deed 2 and has a prior preference to purchase all the land contained in said deed 2. If the plaintiffs desire to purchase the land included in deeds 5 and 6 upon the payment of $11,500, the defendant is ordered to execute and deliver to them a quitclaim deed conveying a good title to these premises subject to zoning regulations and taxes apportioned for the current year; otherwise the said defendant shall refund the deposit of $500 paid to her and the agreement of December 11, 1947, is to become void.

The final decree is reversed and a new decree consistent with this opinion is to be entered.

*So ordered.*