# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

HANCOCK BANK AND TRUST COMPANY *vs.* SHELL OIL COMPANY. April 2, 1974. The plaintiff bank argues exceptions to a Superior Court judge's findings and rulings in an action of summary process. The defendant Shell Oil Company (Shell) occupied premises in Taunton under a written lease. The lease, executed on May 15, 1962, for a term of fifteen years commencing on August 1, 1962, with options to extend the term, contained a provision that "Shell may terminate this lease at any time by giving Lessor at least ninety (90) days' notice." The lease further provided for a fixed monthly rental, obligated Shell to make certain minor repairs, and required Shell to reimburse the lessor "for any amount by which the general taxes on the premises allocable to any full year of the term of this lease exceed . . . [$525]." The bank acquired the premises, subject to the lease agreement, at a public auction following foreclosure proceedings against the lessor. The bank asserts that a lease for fifteen years, with options in the lessee to extend the term for an additional fifteen years, which permits the lessee to terminate the lease on ninety days' notice, is "so lacking in mutuality as to be void as against public policy." The bank cites no authority for such a conclusion. Once it appears that there was consideration to support a contract, and in the absence of statute (see, e.g., G. L. c. 106, § 2-302; G. L. c. 255B, § 20; G. L. c. 255D, § 29, subsection C), courts have traditionally declined to relieve a party from the terms of a contract merely because he made what he regards as a bad or uneven bargain. See *Shaw* v. *Appleton*, 161 Mass. 313, 315 (1894); *Manson* v. *Flanagan*, 233 Mass. 150, 153 (1919); *Eliopoulos* v. *Makros*, 322 Mass. 485, 488 (1948); *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy*. 357 Mass. 40, 43 (1970). See also Williston, Contracts (3d ed.) § 115 (1957); Corbin, Contracts, § 127 (1963). On this record it is not clear that the original lessor made a bad bargain. In any event, there is no basis for treating the lease as void on public policy grounds. There was consideration to support the lessor's obligations under the lease. The bank next contends that the lease created only an estate at will because the term of the lease was not of certain duration or for any definite period. The bank argues that although the lease was definite in that it was to take effect on August 1, 1962, and run for fifteen years (with options to renew), it was entered into

on May 15, 1962, and could be terminated by a ninety day notice sent before August 1, 1962. Thus, it is argued, the term of the lease was of uncertain duration. The bank cites no authority for the proposition that a lease, otherwise of definite duration, becomes a tenancy at will because prior to the commencement of that term the lessee (or lessor) may send a notice of termination which will not be effective until after the term of the lease has commenced. The bank concedes that the term of the lease would be definite if the ninety day notice could be given only after the commencement of the term of the lease. See *Brown* v. *Fowler*, 65 Ohio St. 507, 524 (1902). We see no reason to conclude that the lease created a tenancy at will because the notice could have been given before the date of the commencement of the term. The finding for the defendant was correct.

*Exceptions overruled.*

*Stephen T. Keefe, Jr.*, for the plaintiff.
*David F. Parish* for the defendant.