WILLIAM FIGUEIREDO *vs.* JACK SILVIA, executor.

Norfolk.    April 10, 1974. — June 10, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Contract,* For sale of real estate. *Equity Jurisdiction,* Specific performance.

Under a contract for sale of real estate giving the buyer an election to accept such title as the seller could deliver to the real estate and to pay therefor the full purchase price, and requiring the seller, upon such an election, to "convey such title," where it appeared in a suit in equity by the buyer for specific performance that the seller owned only an undivided one-half interest in the real estate, the buyer was entitled to a decree ordering a conveyance of the one-half interest upon payment of the full purchase price. [351-353]

BILL IN EQUITY filed in the Superior Court on December 31, 1969.

The suit was heard by *Tomasello, J.*

*George Broomfield* for the defendant.

*Paul J. Sullivan* for the plaintiff.

KEVILLE, J.    This case is here on appeal from a decree of the Superior Court ordering specific performance of an agreement to sell real estate. There is a report of the evidence and the trial judge filed a report of material facts, rulings, conclusions and order for decree requiring

the original defendant, Walter Silvia (Walter), to convey to the plaintiff the premises described in the agreement by a good and sufficient quitclaim deed free and clear of all encumbrances (reserving, as provided in the agreement, a life estate in Walter). Walter died prior to the entry of the final decree and the appellant, Jack Silvia, executor of Walter's will, was substituted as party defendant. The trial judge having retired, a final decree was entered by another judge pursuant to the order for decree, excluding only the reservation of the life estate.

The following facts are found by the judge or by ourselves. *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178 (1943). *Younker* v. *Pacelli,* 354 Mass. 738, 739 (1968). Prior to the execution of the agreement Walter had conveyed an undivided one-half interest in the premises to another person, a fact which both parties to the agreement had in mind at the time of its execution. Walter, although unable to read or write, understood the details of the transaction. The plaintiff tendered the purchase price at the time and place prescribed for passing papers; but Walter, acting through his attorney, failed to deliver the deed.

The agreement provided, without indicating that Walter then held only an undivided one-half interest in the property, that the premises were to be conveyed by a good and sufficient quitclaim deed free from any and all encumbrances. Under clause 12, the plaintiff was given "the election, at either the original or any extended time for performance, to accept such title as . . . [Walter] can deliver to the said premises in their then condition and to pay therefor the purchase price without deduction, in which case . . . [Walter] shall convey such title." In these circumstances the plaintiff could buy whatever Walter could convey (viz., his remaining undivided one-half interest) provided the plaintiff, as he was prepared to do, paid the full purchase price. See *Gardiner* v. *Richards,* 335 Mass. 455, 458 (1957); 1957 Ann. Surv. of Mass. Law, § 11.5.

Although the judge found that at the time of the execution of the agreement Walter held only an undivided one-half interest in the premises, the order for decree and the final decree contain no recitation of this limitation in Walter's title. In order to rectify these oversights and to express the true intention of the parties, the final decree is to be modified by striking therefrom paragraphs one and two and inserting in their stead the following:

"That the defendant, Jack Silvia, as executor under the will of Walter A. Silvia, is ordered to convey to William Figueiredo, upon the payment of the sum of $17,900 in or within ninety days from the date of this decree, by a good and sufficient quitclaim deed, free from all encumbrances, an undivided one-half interest in the premises described as follows:

The land with the buildings thereon situated in Cohasset, Norfolk County, Massachusetts, described in the deed from Antoine L. Silvia to Walter Silvia, dated February 10, 1936, and recorded with Norfolk County Registry of Deeds in Book 2100, Page 242; see also Estate of Antoine Silvia, also known as Antoine L. Silvia, Norfolk Probate No. 117769. Said land is more particularly bounded and described as follows:

PARCEL FIRST: The land situated on the Southeasterly side of Parker Avenue and bounded Northwesterly by said Parker Avenue; Northeasterly by the second parcel hereinafter described; Southeasterly by a Way shown on Plan of Hartley White as filed with the Cohasset Town Clerk's office; and Southerly by land now or formerly of James A. Bethel.

PARCEL SECOND: The land adjoining the first parcel, being bounded Northwesterly by land of the Town of Cohasset; Northerly, Northeasterly, Easterly, Southeasterly, and again Easterly by Bailey's Creek, so-called; Southerly again by land now or

formerly of Frothingham; Southwesterly by other land of Frothingham and the end of a Way and by the first parcel above described.

Both parcels are shown on the above mentioned plan." As so modified, the final decree is affirmed.

*So ordered.*