WILLIAM C. WAGNER *vs.* LECTROX CORPORATION & others. June 8, 1976. The plaintiff's contention that the defendants' motion for summary judgment was improperly allowed because he had established the existence of one or more genuine issues of material fact bearing on the enforceability of the license agreement against him is without merit. His deposition and counter affidavit did not demonstrate that such an issue existed (see Mass.R.Civ.P. 56[e], 365 Mass. 825 [1974]; *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-554, 556 [1976]) and did no more than disclose that he sought relief from the terms of the agreement which he came to regard "as a bad or uneven bargain." *Hancock Bank & Trust Co.* v. *Shell Oil Co.* 365 Mass. 629 (1974). The plaintiff unsuccessfully asserts the existence of an issue whether there had been failure of consideration for the license granted the corporate defendant by him under the agreement. In making this claim he relies upon averments in his deposition and counter affidavit that the written agreement did not express the entire understanding of the parties, that he executed the agreement in consideration of oral "assurances" by the individual defendants that certain proposals beneficial to him "would be acted upon later," but that no action was taken or agreement reached with respect to those proposals. Even if such "assurances" could prevail against the strictures imposed by the parol evidence rule and by the plain language of the written agreement (see *Canney* v. *New England Tel. & Tel. Co.* 353 Mass. 158, 165 [1967]; *Gifford* v. *Gifford,* 354 Mass. 247, 249 [1968], and cases cited), the plaintiff's counter affidavit failed to establish anything more than expectations on his part which fell short of a binding agreement. *Vitale* v. *Russell,* 332 Mass. 523, 525-526 (1955), and cases cited. See *Saxon Theatre Corp. of Boston* v. *Sage,* 347 Mass. 662, 666 (1964); *Blair* v. *Cifrino,* 355 Mass. 706, 709-710

(1969). It is not apparent how any insufficiency of the consideration recited in the written agreement could have affected the outcome of the case, since the agreement, being under seal, would not thereby have been rendered unenforceable. *Schuster* v. *Baskin,* 354 Mass. 137, 141 (1968). *Marine Contractors Co. Inc.* v. *Hurley,* 365 Mass. 280, 285 (1974). The plaintiff's claim that there was a genuine issue whether certain paragraphs of the agreement embodied an unreasonable restraint on his freedom to pursue employment in the field of electrostatics was unsupported by anything in his deposition or counter affidavit other than naked assertions in the latter to the effect that he "has been unable to gain employment in that field," that the agreement "has operated as an oppressive restraint in his attempts" to do so, and that prospective employers are "unenthusiastic" about his obligations under those paragraphs. Such vague and general allegations were inadequate and were properly disregarded. *O'Brion, Russell & Co.* v. *LeMay,* 370 Mass. 243, 245 (1976), and cases cited.

*Judgment affirmed.*

*Mary Morrissey Sullivan* for the plaintiff.
*Edward Woll, Jr.,* for the defendants.