GREAT BARRINGTON SAVINGS BANK & another *vs.* RICHARD H. GENS & others. December 10, 1979. The defendants challenge on appeal the correctness of an order of a District Court judge, sitting by designation in Superior Court, granting the plaintiffs' motion for summary judgment. We conclude that summary judgment was properly entered.

The judge correctly ruled that all the matters presented by the defendants in opposition to the plaintiffs' motion for summary judgment "involve legal issues that may be resolved on the pleadings and affidavits or are not supported by any facts set forth in any of the affidavits or exhibits presented [in accordance with Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974)] to the Court."

Based on the stipulation offered by the parties, relevant pleadings and the application of settled principles (see *Noyes* v. *Quincy Mut. Fire Ins. Co.,* 7 Mass. App. Ct. 723, 725-726 [1979]), it is apparent that there is only one issue raised by the defendants which deserves detailed treatment – whether the defendants signed the note solely as accommodation parties for the plaintiffs' benefit. See G. L. c. 106, § 3-415.

We think this case is controlled in all material respects by *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-556 (1976). The defense is bottomed on the "principle that one who draws or indorses

commercial paper for the accommodation of another is not liable on that paper to the party accommodated, regardless of what their relationship on the instrument may indicate." *Id.* at 560. The defendants accordingly attempt to defeat the plaintiffs' motion for summary judgment by suggesting that certain oral understandings reached by all the respective parties establish the existence of material issues of fact as to whether the defendants signed the note as an accommodation to the plaintiffs. The defendants' efforts, however, are totally inadequate, as their counter affidavits are bereft of "specific facts" showing that there is a genuine, triable issue. See *O'Brion, Russell & Co.* v. *LeMay,* 370 Mass. 243, 245 (1976); *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 722-723 (1976); *Doff* v. *Brunswick Corp.,* 372 F.2d 801, 805 (9th Cir. 1966), cert. denied, 389 U.S. 820 (1967). See also 10 Wright & Miller, Federal Practice and Procedure § 2738, at 709-710 (1973). For instance, the defendants fail to disclose, with any degree of specificity, which persons, acting in what capacity on behalf of the plaintiffs, said what, to whom, when and where. *Commonwealth Bank & Trust Co.* v. *Plotkin,* 371 Mass. 218, 221-222 (1976). *D & P Equipment Corp.* v. *Harvey Constr. Co.,* 5 Mass. App. Ct. 851 (1977). Compare *Wagner* v. *Lectrox Corp.,* 4 Mass. App. Ct. 815 (1976). Moreover, save for the Silver affidavit, all the counter affidavits are defective on their faces, as they are not based on the respective affiants' personal knowledge (e.g., "evidence that has been made available to me"). See rule 56(e). See also *Automatic Radio Mfg. Co.* v. *Hazeltine Research, Inc.,* 339 U.S. 827, 831 (1950); *Antonio* v. *Barnes,* 464 F.2d 584, 585 (4th Cir. 1972).

*Judgment affirmed.*

The case was submitted on briefs.

*James A. Weisman, Marshall M. Schribman, & David S. Fox* for the defendants.

*James Lamme, III,* for the plaintiffs.